IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH W. HIGGINS, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV408 |
| | ) | |
| V. | ) | |
| | ) | |
| FEDERAL VETERAN HOSPITAL POLICE, VETERAN HOSPITAL MENTAL HEALTH, DISTRICT COURT OF DOUGLAS COUNTY, LINCOLN REGIONAL CENTER, MARY DOVORLH, Public Defender, and MARK FOXELL, Douglas County Cor-Rection, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |
| | ) | |

The habeas corpus petition filed in this case fails to comply with Rule 2(c) and Rule 2(d) of the Rules Governing Habeas Corpus Cases.

Rule 2(c) states:

(c) Form. The petition must:
(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(d) states: "Standard Form. The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge."

In addition to being incomprehensible, the statements contained in the petition and associated documents are frequently fanciful in nature. In short, the petition is subject to dismissal without prejudice. *See*, *e.g.*, Adams v. Armontrout, 897 F.2d 332, 332 (8th Cir. 1990).

Out of an abundance of caution, I will allow the petitioner[1] an opportunity to amend. He should note that if he fails to file an amended petition or if the amended petitions fails to comply with Rule 2, this case will be dismissed without prejudice.

IT IS ORDERED that:

1. The Motion for Miscellaneous Relief (filing no. 10), the Motion (apparently asking the Court to rule that false evidence was used in a mental health proceeding) (filing no. 11), and the Motion for Order for Release (filing no. 12) are denied.

2. The Motion for Appointment of Counsel (filing no. 13) is held in abeyance.

---

[1]This is not the first time Petitioner has filed documents that made little or no sense or were so obviously lacking in merit that dismissal was warranted. *See In Re: Joseph Higgins*, 8:15-cv-00103. The petitioner has also been a defendant in at least two Central Violation Bureau cases. *See Joseph W. Higgins*, 8:14-cb-00007-TDT (disposition unknown). Also, in 8:15-cb-00009-TDT-3 it appears that petitioner was charged with creating a disturbance at the VA Medical Center in Omaha. Judge Thalken appointed counsel and after that the government dismissed the case. Finally, the petitioner has brought another habeas case that is pending under number 8:16-cv-00433-RGK-PRSE and which shows his address to be the Lincoln Regional Center. The Lincoln Regional Center is Nebraska's primary mental health facility.

3. The Clerk shall mail a copy of the official habeas form to the petitioner at the address he has given in this case. The Clerk shall also mail a copy to petitioner at the following address:

> Joseph W. Higgins
> 0464122
> SPR-LINC REG CTR, Lincoln Regional Center
> P.O. Box 94949
> Lincoln, NE 68509

4. The petitioner is given until November 18, 2016, to file an amended petition using the official form. If petitioner fails to file an amended petition or files an inadequate amended petition, this case may be dismissed without prejudice and without further notice.

DATED this 18th day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge